# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRES VASQUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) NO. CIV-05-0689-HE |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Andres Vasquez, a federal prisoner appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. In his petition Mr. Vasquez challenges the Bureau of Prisons' (BOP) method of calculating the good conduct time credited toward service of his sentence under the applicable statute, 18 U.S.C. § 3624.[1] Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Valerie K. Couch, who has issued her Report and Recommendation rejecting the

---

[1] *The statute provides in relevant part that:*
*(a) A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b).....*
*(b)(1) [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of a prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.*
18 U.S.C. § 3624(a) and (b)(1).

petitioner's statutory interpretation[2] and recommending that the petition be denied. The magistrate judge agreed with the First, Third, Fourth, Fifth, Seventh and Ninth Circuits, as well as the majority of district courts that have addressed the issue, that the phrase "term of imprisonment" as used in § 3624(b)(1) to describe how good conduct credits are computed is ambiguous and that the BOP's interpretation of the statue stated in the implementing regulation is reasonable.[3]

Having considered the petitioner's objection and given his claim de novo review, the Court concurs with Magistrate Judge Couch that petitioner is not entitled to the relief sought under § 2241. Accordingly, the Court **ADOPTS** the magistrate judge's Report and Recommendation and **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*Petitioner contends that the phrase "term of imprisonment" means "sentence imposed." Under his interpretation of 18 U.S.C. § 3624(b)(1), 54 days of good conduct credit would be available for each year of the sentence imposed by the court. The BOP interprets the statute as authorizing 54 days of good conduct credit for each year served, 28 C.F.R. § 523.20, and the formula it uses to calculate good time credits "takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded" good time credits. O'Donald v. Johns, 402 F.3d 172, 173 (3d. Cir. 2005).*

[3]*The magistrate judge concluded that as the agency was implicitly granted the authority to determine how the proration of credits should be calculated, its interpretation of the statute, if reasonable, should be accorded deference. She also found that the "rule of lenity" was inapplicable.*